No. 9774.
Orleans Appeal.

THEODORE BRODERICK v. LANE COT-
TON MILLS, Appellant.

(November 17, 1924, Opinion and Decree.)
(December 1, 1924, Rehearing Refused.)

*(Syllabus by the Court.)*

1.  **Louisiana Digest, Automobiles, Par. 4 d.**

The driver of an automobile who violates
    the Traffic Ordinance and in conse-
    quence thereof causes injury to anoth-
    er is liable in damages.
(Civil Code, Art. 2315—Editor's Note.)

Appeal from First City Court, Hon. Henry
Renshaw, Judge.

This is a damage suit resulting from a
collision of automobiles. Judgment for
plaintiff. Defendant appealed.

Judgment affirmed.

R. E. Milling, Jr., attorneys for plaintiff
and appellee.

Eraste Vidrine, attorney for defendant
and appellant.

CLAIBORNE, J. This is a damage suit
resulting from a collision of automobiles.

The plaintiff alleges that he was driving
his automobile out Marengo Street in the
direction of the lake; that, upon approach-
ing Prytania Street, there was a street
car going downtown stopped at the lower
side of Marengo Street for the purpose of
taking in passengers; that back of said
street car there was a wagon also stopped
to allow the passengers to get on; that
plaintiff brought his auto to a full stop
until the street car and wagon had moved
on; that when they had passed, plaintiff
proceeded to cross the river side of Pry-
tania Street and started to turn up Pry-
tania Street on the woods side; that an
automobile truck owned and operated by
the defendant, proceeding down Prytania
Street in the direction of Canal Street, sud-
denly swerved across Prytania Street in
the path of plaintiff's auto and struck the
front of it, causing damages to the amount
of $117.95; that the accident was caused by
the negligence of defendant's driver in at-
tempting to drive on the wrong side of
the street in an effort to pass the wagon
and street car; that the plaintiff's auto
was laid up for repairs for one week and
that his auto was used by him in his busi-
ness and was worth to him $10 a day
while he was deprived of its use. He
prays for judgment for $187.95.

The defendant denies all the allegations
of the petition. It admits the collision but
avers that it had the right of way down
Prytania Street under Section 7 of Article
I of the Traffic Ordinance No. 7490 C. C. S.,
adopted August 7, 1923, and avers that
there was contributory negligence on the
part of the plaintiff, who violated Section
4 of Article I of said ordinance.

There was judgment in favor of plaintiff
for $117.95 and defendant has appealed.

Sections 4 and 7 of Article I of Traffic
Ordinance No. 7490 read as follows:

"4. Turning Corners. (b) A vehicle
turning into another street to the left shall
turn around the intersection of the center
lines of the two streets."

"7. Right of Way. (a) Vehicles travel-
ing on the following streets have the right
of way approaching on intersecting streets,
namely: All streets with street car tracks.
The right of way given applies only where
t w o vehicles approaching intersecting
streets arrive at the intersection at approx-
imately the same time, and does not
authorize the vehicle traveling on the right
of way streets to disregard the rights of
vehicles which have already entered the
intersection from an intersecting street."

Only three witnesses testified in the case,

the plaintiff and his wife and the defendant's chauffeur.

The plaintiff substantiates the pivotal allegations of his petition, namely: that he had crossed from Marengo Street into Prytania going uptown; that he had driven beyond Marengo Street, and had reached about ten feet up the woods side of Prytania Street in a diagonal direction, when the defendants' truck, driving down Prytania Street on the woods or left side track ran into him in front and injured his auto.

Article I, Sec. 1 of the above ordinance provides:

"Keep to the Right. A vehicle, except when passing a vehicle going in the same direction, shall keep to the right and as near the righthand curb as possible."

"Sec. 3 (e). A vehicle approaching another vehicle coming from the opposite direction shall pass it to the right."

The defendant's chauffeur, on the other hand, swears that he was driving at a slow speed down Prytania Street on the right or river side track; that when he had reached the intersection of Prytania and Marengo Streets, and while in the intersection he swerved to the left to avoid the plaintiff, who then ran into him.

But the plaintiff's wife testified that they live on Marengo Street near Prytania; that on the morning of the accident she watched her husband drive away from home; that she followed him with her eyes until he had turned up into Prytania Street when she saw him no more.

On the other hand defendant's chauffeur says that at the moment of the collision "there was a colored fellow in the truck" with him.

This colored fellow was not produced as a witness.

The Judge of the trial court saw and heard the witnesses, and decided in favor of the plaintiff. We cannot say that he erred.  8622 and 9238, Ct. App.