## JOHN L. EISWIRTH v. JAS. B. EATON, Appellant

(June 8, 1925, Opinion and Decree.)

(*Syllabus by the Court.*)

1. **Louisiana     Digest — Automobiles—Par. 4 (d).**
When the failure of a defendant to comply with a traffic ordinance is the cause of a collision, he is liable for the damages caused thereby.
     (Civil Code, Art. 2315. Editor's note.)

Appeal from First City Court, Hon. W. V. Seeber, Judge.

This is a damage suit resulting from a collision of two automobiles.

Judgment for plaintiff, defendant appealed.

Judgment affirmed.

Conrad Meyer, Jr., attorney for plaintiff, appellee.

St. Clair Adams, Leslie Moses, attorneys for defendant, appellant.

CLAIBORNE, J. This is a damage suit resulting from a collision of two automobiles.

The plaintiff averred that he was driving his Ford on January 5th, 1925, at about 6:15 p. m. on the lower side of Carrollton Avenue in the direction of the Lake; that on reaching the intersection of Jeannette street a Ford Coupe owned and operated by the defendant James B. Eaton traveling on the upper side of Carrollton Avenue, towards the river crossed from the other side of Carrollton Avenue swerved to his left and at about 15 or 20 feet from the intersection of Jeanette and Carrollton Avenue struck plaintiff's Ford on the left rear fender and wheel with such force as to upset it, and making of it a total wreck beyond repairs; that

plaintiff paid $273 for his Ford; that it cost him $5 to tow his car to the repair shop where it still remains at an expense of 25c a day for storage, that plaintiff needs an automobile in his business and he has expended $8 a week since said accident for the use of another auto. He prayed for judgment for $297.25.

The defendant filed an exception of "no right or cause of action" and a general denial.

There was judgment in favor of plaintiff and against defendant for $225.00.

The defendant appealed. The plaintiff has not prayed for an amendment of the judgment.

The weight of testimony is decidedly in favor of the plaintiff. Four witnesses testify that the defendant ran into plaintiff's car from the rear and upset it upon the down town sidewalk of Carrollton Avenue.

The defendant alone testified in his behalf. He says the plaintiff ran into him and turned over upon the neutral ground. Of course the trial judge considered the preponderance of testimony was upon the side of the plaintiff and we think he was right.

It also appears that the defendant violated the traffic ordinance. Sec. 7 of Ordinance 7490 gives the right of way to "all streets with street car tracks".

Paragraph (d) of the same Section 7 gives vehicles crossing a neutral ground the right of way to complete the crossing under the following conditions:

"Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway shall signal with horn and give opportunity for approaching vehicles in the roadway to come to a stop and c."

There is no pretence that the defendant stopped his car on any part of the neutral ground or that he blew his horn.

His failure to comply with the ordinance was the cause of the accident, and defendant is therefore liable.

Judgment affirmed.