HAYWARD v. WAGNER

___

(May 25, 1931. Opinion and Decree.)

___

Warren M. Simon, of New Orleans, attorney for plaintiff, appellee.

St. Clair Adams, Jr., of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff seeks to recover the sum of $203, covering damages to his automobile said to have been sustained as a result of defendant's car negligently colliding with it at the intersection of Seventh and Prytania streets, this city, about 9 o'clock, June 12, 1930.

The petition alleges that the defendant's minor son, who was driving his car, was

at fault in running the car at an excessive rate of speed and in failing to stop before entering the intersection of a right of way street, in violation of the traffic ordinance of the city of New Orleans.

The defense is that the defendant's car had traversed more than half of the intersection when plaintiff's car entered it and, therefore, obtained the right of way under the traffic ordinance; and that the accident was caused solely through the negligence of the driver of plaintiff's car in operating it at an excessive rate of speed and without keeping a proper lookout. Defendant also pleaded contributory negligence and in reconvention asks for damages in the sum of $286.60, averring that the driver of plaintiff's car had the last clear chance of avoiding the accident.

There was judgment in favor of plaintiff as prayed for and dismissing the reconventional demand and defendant has appealed.

The record shows that the plaintiff's Hudson sedan was being driven up Prytania street by a lady relative of his, on its right-hand side of the street, with its right wheels near the center of the uptown car track. Plaintiff was sitting beside the lady in the front seat.

Defendant's seven-passenger Nash sedan was being operated by his 18-year-old son on Seventh street in the direction of the Mississippi river near the center of the street. There were three young couples sitting in the rear of the car.

Prytania street is a two-way paved thoroughfare having a double set of street car tracks thereon, those on the lakeside being used by cars moving uptown and those on the riverside by cars going downtown. Seventh street is also paved and runs from the river to the lake and has no street car tracks located on it.

On the downtown lake corner is a large iron fence and considerable shrubbery which practically makes what is commonly called a "blind corner."

The two cars collided in the intersection, about the middle of Seventh street and towards the lakeside of Prytania street, where the uptown street car tracks are located. The left front side of plaintiff's car struck the rear left side of defendant's car and then both continued out Seventh street towards the river. Plaintiff's car came to a stop with its front wheels on the uptown river sidewalk and defendant's car came to rest on its right side with its wheels interlocked with the left side of plaintiff's car, about 40 feet from the point of collision.

Plaintiff and the lady driving his car testified that as they approached the intersection his automobile was going about fifteen miles per hour; that the driver sounded the horn; and that she was driving on the right-hand side of Prytania street going uptown. Two disinterested witnesses for plaintiff conclusively established that his car was on the right side of the street because the skid marks of about four or five feet in length showed where it was when the brakes were first applied and also the marks of the front wheels on the pavement where they were pushed from an uptown course out towards the river on Seventh street and the wheel marks of the car to the point where it stopped on the sidewalk.

We have no doubt but that plaintiff's car was being operated at a very moderate rate of speed and that defendant's car was being driven at an excessive rate of speed because the momentum of de-

fendant's car swerved plaintiff's car from its course uptown towards the river and carried it a distance of forty feet. The momentum also caused defendant's car to turn over and to continue on forty feet.

The driver of defendant's car and his witnesses testified that he did not stop before entering Prytania street but assert that he was going only five to eight miles per hour and had gotten to the middle of the street by the time he was struck, but the evidence of the disinterested witnesses shows that the point of collision was at or near the uptown car tracks on Prytania street. Defendant's son, who was driving his car, testified as follows:

"Q. When you saw it, you were just about to enter the intersection?
"A. The front part of my car was in the intersection.
"Q. Did you make any effort to stop?
"A. No, I knew I could beat it over.
"Q. Aside from the fact that you saw Mr. Hayward's car about 150 feet away and you continued to travel about 30 or 35 miles an hour and proceeded to cross the intersection?
"A. I did.
"Q. Thinking you could beat it across?
"A. I knew I could get at least half way across.
"Q. You did not think of the other half?
"A. Well, there was half to pass me in the back. Does he need the whole street in the back?"

Ordinance No. 7490, C. C. S., article 2, sec. 2, paragraph (a), provides:

"No motor vehicle shall turn into or cross any right of way street, as fixed in Article 1, Section 9, without first coming to a full stop, nor shall any motor vehicle turn into any other street from an intersecting street at a greater speed than five miles per hour."

In Broderick v. Lane Cotton Mills, 1 La. App. 155, we said:

"The driver of an automobile who violates the traffic ordinance and in conse-

quence thereof causes injury to another is liable in damages."

In Bianchi v. Mussachi, 1 La. App. 291, we find the following:

"The decisions of this Court have been that it is necessary to enforce the traffic ordinances, and that the party who violates them must pay for the damages resulting from a collision."
"When two vehicles approach an intersection at about the same time the one having the right of way is entitled to proceed and it is culpable negligence for the other to attempt to cross.
"The defendant * * * having stopped and looked should have seen the Cadillac in Prytania Street and to have allowed it to pass before crossing."

Norwich Union Indemnity Co. v. Cohen, 1 La. App. 512.

In Belden v. Roberts, 3 La. App. 338, we said:

"When two vehicles approach an intersection at approximately the same time, the one having the right of way is entitled to proceed, and it is culpable negligence for the other to attempt to cross.
"The Traffic Ordinance requiring a vehicle approaching a right of way street to come to a full stop must be observed literally; it will not be sufficient to slacken speed."

We find that the sole and proximate cause of the accident was the negligence of defendant's son in failing to stop and in driving his car at an excessive rate of speed in violation of the above provisions of the traffic ordinance.

As to the quantum we are of the opinion that plaintiff has proven that the damages claimed resulted from the accident and that the cost of repairs are reasonable. Hendren v. Crescent City Seltzer Water Co., 1 La. App. 625.

For the reasons assigned the judgment appealed from is affirmed.

JANVIER, J., takes no part.