No. 10,267
Orleans

---

IGNATIUS E. UZZO v. VINCENT TORRES, Appellant

(December 14, 1925, Opinion and Decree.)
(January 4, 1926, Rehearing Refused.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Automobiles—Par. 4, 4 (b).

The fact that defendant's automobile was struck in the rear by plaintiff's car in an intersectional collision is a circumstance favorable to defendant. But where the evidence indicates that the propinquity of plaintiff's automobile which was proceeding along a boulevard given a right of way over the street from which defendant sought to cross plaintiff's path was such as to render defendant's attempt to cross imprudent the fault will be imputed to defendant.

Appeal from First City Court. Hon. Wm. V. Seeber, Judge.

This is a suit arising out of a collision between two automobiles. Each impute negligence to the other and each claims a like amount as damages. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. P. Beard, of New Orleans, attorney for plaintiff, appellee.

E. M. Stafford, Daniel Wendling, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This suit is the result of an intersectional collision between the automobiles of plaintiff and defendant. Each impute negligence to the other and each claims $300.00 as damages which they allege to be due to the collision.

The trial court thought the accident to have been caused by defendant's fault alone and rendered judgment accordingly but reduced the amount to $250.00. Defendant has appealed.

The accident occurred at the intersection of Carrollton Avenue and Pritchard Place. Uzzo, the plaintiff, was driving along the upper side of Carrollton Avenue in the direction of the river and Torres, the defendant, entered Carrollton Avenue from Pritchard Place intending to cross the avenue. The collision occurred near the neutral ground, Uzzo's car striking the rear of Torre's car.

Plaintiff had the right of way. Ord. 7490, C. C. S. Art. 1, Par. 7. It was defendant's duty to come to a full stop.

"No motor vehicle shall turn into or cross any right of way street without first coming to a full stop, nor shall any motor vehicle turn into any other street from an intersecting street at a greater speed than five miles per hour."

Torres, corroborated by his brother who was in the car with him at the time, testified that he stopped and looked in the direction of traffic before entering the street. He says he saw nothing but a truck which was one block away when he entered the intersection. The fact that defendant's car was struck in the rear when nearly across the intersection is a circumstance favorable to his contention that plaintiff was at fault. But it is not conclusive because it is quite possible that defendant entered the intersection at a time when the propinquity of plaintiff was such as to make his action in this regard negligent. The fact that he was struck in the rear in that event would simply mean that he had almost escaped the natural consequences of his rashness. But it does not signify that plaintiff was at fault for it might well be that plaintiff could not because of his nearness to Pritchard Place when defendant entered Carrollton Avenue have avoided striking defendant's car however narrow the margin of time and space between that which the circumstances afforded and that required to avoid the impact. We acknowledge the force of defendant's contention that the place where the collision occurred and the point of impact of the cars is usually of great importance in determining the question of negligence in intersectional collisions of automobiles as we have heretofore point out, but we think this case is the exception for it seems to us that defendant is mistaken when he says that he stopped and looked before entering the intersection and he did not therefore preempt the crossing so as to deprive plaintiff of his right to proceed. Defendant testifies as follows:

"Q. When you reached the corner of Carrollton Avenue and Pritchard Place, you say you looked towards the New Basin?
"A. Yes, sir.
"Q. At that time you did not see any cars coming?
"A. None except the truck that I saw crossing Fig Street.
"Q. Crossing what street?
"A. Fig street, that is one block from Pritchard Place.
"Q. One block below?
"A. Yes, sir.
"Q. At that time there was an automobile in front of it?
"A. No, sir. I shifted my car, and started to cross, going in second, and which does not run more than three or four miles in second.
"Q. And then you were heading in the direction you just mentioned?
"A. Yes, sir.
At another point in defendant's evidence we find the following:
"Q. (By Mr. Wendling) And what happened?
"A. When I got across, I saw him coming down the street pretty fast, I don't know how fast he was coming."
And at another point:
"Q. Do you know how far Mr. Uzzo's car was when you got say in the middle of the street?
"A. When I got in the middle of the street, No, Sir, I don't know how far.
"Q. You don't know how far his car was?
"A. No, Sir, I didn't see him at all; after looking out the street I didn't see Mr. Uzzo's car myself; I saw a truck on Fig Street, but no other cars, at all."

We cannot understand how the street could have been clear for a city block when defendant entered it and yet before he could cross a street which the evidence shows to be 28 feet wide his car is struck by plaintiff's car which if defendant is correct must have been more than a block away when he entered the intersection. Plaintiff and a member of the bar (Mr. Mitchel) who testified in plaintiff's behalf declare that defendant did not stop but drove into Carrollton Avenue at an excessive speed. The

trial judge evidently believed them and so do we. Their testimony is at least consistent with the subsequent collision while the statement of defendant cannot be reconciled.

The judgment appealed from is for the reasons assigned affirmed.

Judgment affirmed.