## No. 2855

### Second Circuit

---

## McCALMONT v. STERKX

---

(Jan. 28, 1927. Opinion and Decree.)
(Feb. 24, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest — Automobiles — Par. 4 (b).**

One who approaches a right-of-way street is required by law to exercise a higher degree of care than one driving on the right-of-way street.

2. **Louisiana Digest—Automobiles—Par. 8.**

Where the evidence as to negligence of the parties in a suit and reconventional demand arising from an automobile collision is conflicting, the suit and reconventional demand will be dismissed.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the City Court, Alexandria Ward, Rapides parish. Hon. J. B. Nachman, Judge.

Action by Mrs. Callie D. McCalmont, et al., against Joseph Sterkx.

There was judgment for defendant and plaintiffs appealed.

Judgment affirmed.

Thornton, Gist & Richey; T. A. Carter, of Alexandria, attorneys for plaintiffs, appellants.

Overton & Hunter, of Alexandria, attorneys for defendant, appellee.

WEBB, J. An automobile belonging to J. A. McCalmont, while being driven by his wife, collided with a truck belonging to Joseph Sterkx, which was being driven by an employee of the latter, at the intersection of Murray and Seventh streets in the city of Alexandria, resulting in damaging the vehicles and injuring Mrs. McCalmont.

Mrs. McCalmont and her husband filed suits against Joseph Sterkx to recover damages, alleging that the collision was due to the gross fault and carelessness of the driver of defendant's truck, in that the truck approached and came on the intersection from Seventh street at an excessive rate of speed and after the automobile had entered the intersection from Murray street, and that the driver was not paying any attention to the traffic.

Defendant answered, denying any negligence on the part of his driver, or that the automobile had approached or entered the intersection prior to the truck, and alleged that the truck approached and entered the intersection prior to the automobile, and that the collision was due solely to the negligence of Mrs. McCalmont attempting to pass in front of the truck, and he reconvened for damages. He also alleged that under the ordinances of the city of Alexandria the truck had the right-of-way over the intersection, and pleaded, in the alternative, contributory negligence.

The suits were consolidated, and on trial judgment was rendered rejecting the demands of all parties, from which plaintiffs appealed, and defendant answered the appeal, praying that the judgment be amended and his reconventional demands allowed.

## OPINION

Murray and Seventh streets intersect at right angles. The automobile came on the intersection from the east, while the truck came from the south, and the collision occurred at about the center of the intersection, at which time each of the vehicles had traversed approximately an equal distance on the intersection and each was to the right of the center of the street from which the cars entered the intersection.

The left side of the automobile, at a point near the rear wheel, came in contact with the front of the truck at about the left wheel, and after the collision the automobile continued on its general course, west, over the intersection, striking the curb on Murray street at a short distance west of the northwest corner of the intersection.

There were three persons who claimed to have seen the collision, who were, Mrs. McCalmont and Huel Bell, the driver of the truck, and Plez Randolph, who was riding on the truck.

Mrs. McCalmont states that as she approached the intersection she slackened the speed of her car and just before entering the intersection she observed the truck at a distance of about half a block and that as she was proceeding across the intersection, being at about the center, she observed the truck on the intersection approaching at a rapid rate of speed, and the driver looking back, apparently talking with someone, and that she accelerated the

speed of her car in an attempt to avoid the collision; while Ruel Bell states that the truck approached and entered the intersection at speed of about nine miles per hour, and had proceeded thereon for some distance, when the automobile came upon the intersection and the driver of the automobile attempted to pass in front of the truck; he denied that he was looking back over the truck or talking to any one, and said that he had tried to stop the truck and had almost stopped it at the time of the collision; and Bell's testimony is supported by the testimony of Randolph.

The ordinance filed in, evidence provides that vehicles approaching the intersection from Seventh street have the right-of-way over vehicles approaching from Murray street, and it declares that vehicles approaching from Murray street shall stop, if necessary, to avoid collision with vehicles approaching from Seventh street.

The contention of the parties is, on behalf of plaintiffs, that the physical facts, that is, the situation of the cars at the moment of impact, and the fact of the truck continuing to move after the collision, and striking the curb, supports the testimony of Mrs. McCalmont, or, at least, shows that the driver of the truck should have turned further to the right and avoided the collision; and, on behalf of defendant, the same physical facts are claimed to support the testimony of Bell and Randolph, and further it is contended that the evidence at least shows that Mrs. McCalmont, with knowledge of the approaching truck, failed to yield the right-of-way, but attempted to pass in front of the truck in violation of the ordinance.

We do not think that the position of the cars at the moment of impact supports the testimony of either of the witnesses, in that it does not necessarily conflict with the other, and the fact of the truck continuing to move after the collision, we think, is explained by the fact that the automobile was being driven at considerable speed at the time of impact and that the bumper on the automobile caught the truck and pulled with sufficient force to tear the bumper aloose from the automobile.

We do not think the evidence is sufficient to admit the application of the doctrine of the last clear chance, although it appears that the driver of the truck may have avoided the collision by turning further to the right; but it cannot be said he was guilty of negligence in failing to do so, if the situation which required such action was created by the continuing fault of Mrs. McCalmont. Neither do we think that if we should ignore the testimony of the witnesses for defendant, who claim to have seen the accident, and accept the testimony of the witnesses for plaintiff, that the evidence would necessarily lead to the conclusion that Mrs. McCalmont had violated the ordinance in entering upon the intersection from Murray street when she saw the truck approaching the intersection on Seventh street.

However, it must be conceded that collisions between vehicles (at street intersections) which have approached and entered the intersection from different streets, where the drivers of the respective vehicles had an unobstructed view of the other vehicle, as it approached the intersection, are inexcusable, and if any weight or consideration is to be given to an ordinance giving the right-of-way to vehicles which approach intersections from one street over those which approach from another, we think the driver who is required to yield the right-of-way must exercise a higher degree of care at intersections than the driver of the vehicle which has the right-

of-way; and that where there is a conflict in the testimony as to which of the drivers was at fault, the presumption is against the one who was required by law to exercise the higher degree of care.

In the present instance there was one witness for plaintiffs and two for defendant, who claimed to have seen the collision, and their testimony is directly in conflict as to which of the drivers was at fault; and each of the parties demanding damages, and carrying the burden of proof to establish negligence on the part of the other, the trial court was unable to determine that the collision was due solely to the fault of either; and in view of the place of collision, and of the law which placed upon Mrs. McCalmont the duty of exercising a higher degree of care, we cannot say that the judgment was manifestly erroneous.

If we should ignore the testimony of the driver of the truck and the witness who was riding on the truck, the testimony of Mrs. McCalmont, who does not undertake to estimate the speed at which she came upon the intersection further than to say she was driving at slow speed, patently suggests that she was in error as to the position of the truck when she entered the intersection, as it is difficult to understand how the truck could have traversed the comparatively great distance of half a block while the automobile moved only twenty or twenty-five feet (Uzzo vs. Torres, 3 La. App. 292) unless the speed at which the truck approached the intersection was very must greater than the speed of the automobile; and if that be the case, Mrs. McCalmont should not have entered the intersection (Berry, Automobiles, 4th Ed., 847), but should have stopped her automobile as required by the ordinance.

The judgment appealed from is affirmed.