JOHNSTON v. JAHNCKE SERVICE, INC.

――――

(January 2, 1928. Opinion and Decree.)

――――

(*Syllabus by the Court*)

1. **Louisiana Digest—Automobiles—Par. 4 b, 4 d.**
The traffic ordinance requiring a vehicle approaching a right-of-way street to come to a full stop must be observed literally; it will not ·be sufficient to slacken speed."
Belden vs. Roberts, 3 La. App. 339.

**2. Louisiana Digest—Appeal—Par. 625.**

"The finding of the trial court on an issue of fact will not be reversed unless manifestly erroneous."

Neddam Lumber Co. vs. Baker, 6 La. App. 229.

Appeal from the First City Court, Division "C". Hon. W. V. Seeber, Judge.

Action by Allan J. Johnston against Jahncke Service, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Gerald Netter, of New Orleans, attorney for plaintiff, appellee.

Spearing & Mabry, of New Orleans, attorneys for defendant, appellant.

OPINION

JONES, J. Plaintiff sued Jahncke Service, Inc., for one hundred twenty-one and 50-100 dollars, alleging that on or about January 15th, 1927, about 9 o'clock A. M., he was driving his automobile up Magazine street at about eighteen miles an hour and that when he reached the intersection of St. Joseph street, his automobile was struck and damaged by defendant's wagon, drawn by two mules proceeding at a gallop out St. Joseph street in the direction of the river; that the wagon failed to stop on reaching the intersection of Magazine street, as required by the traffic ordinance; and that Magazine street is a right-of-way street and plaintiff had the right of way over defendant's wagon.

That the tongue of defendant's wagon struck the right rear side of plaintiff's automobile causing damage detailed in the petition amounting to one hundred twenty-one and 50-100 dollars ($121.50).

In its answer, defendant admitted the accident, but alleged that, upon reaching the intersection of St. Joseph street and Magazine street, its employee stopped the wagon and then proceeded across Magazine street at a walk; and had almost crossed Magazine street when plaintiff attempted to pass in front of the wagon; that plaintiff was driving his automobile uptown on Magazine street at a speed in excess of that prescribed by the traffic ordinance, and plaintiff ran his automobile into the tongue of defendant's wagon.

From a judgment in favor of plaintiff for one hundred twenty-one and 50-100 dollars defendant has appealed.

As usual in these cases, there is a conflict of evidence, but we agree with the lower judge that the preponderance of the evidence shows that defendant, who was driving a heavy wagon at a fast speed failed to stop on approaching a right-of-way street and thereby caused the accident.

The judgment is affirmed.