ARENA v. MORRIS & CO.

(October 20, 1930. Opinion and Decree.)

E. J. Thilborger and James J. Cullinane, of New Orleans, attorneys for plaintiff, appellee.

Eraste Vidrine, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sues defendant for damages for personal injury and property damage alleged to have been sustained as a result of an automobile collision at the intersection of St. Charles avenue and Felicity street in this city on October 28, 1928, about 6:30 o'clock a. m. Defendant denied liability and pleaded contributory negligence and also reconvened for property damages. There was judgment in favor of the plaintiff in the sum of $385.30, representing $135.30 property damage and $250 for personal injuries, and dismissing the

reconventional demand. The defendant appealed.

The record shows that St. Charles avenue is a right of way street under the traffic ordinances of the city of New Orleans and has a neutral ground in the center, where two street car tracks are located, and paved roadways on both sides. The paved roadway on the lake side is used by the traffic moving uptown, and the paved roadway on the river side is used by traffic proceeding downtown. Felicity street runs from the direction of the river to the lake and intersects St. Charles avenue at a point where St. Charles avenue curves towards the lake, thus causing the downtown river corner of the neutral ground to protrude further out into the paved roadway used by traffic moving downtown than the uptown lake side of the neutral ground.

On the morning in question the plaintiff was driving a Ford one-ton truck down St. Charles avenue at the rate of about twenty-five miles an hour and was slightly to the left of the center of the roadway. The defendant's Ford coupe was being driven on Felicity street toward the lake, at the rate of fifteen or eighteen miles an hour. Both approached the intersection at approximately the same time, and therefore, under the traffic ordinances of the city, plaintiff was entitled to the right of way. The defendant's driver proceeded into the roadway in spite of the fact that plaintiff twice signaled him with his horn. Defendant's car thus forced the plaintiff to drive to his left in order to avoid striking it and resulted in plaintiff's truck striking a telephone pole, located about three feet off the street on the neutral ground, although plaintiff had put on his brakes in an effort to stop. While in this position the left front portion of defendant's coupe struck the right side of the plaintiff's truck at a point opposite the driver's seat.

We are of the opinion that the accident was caused entirely by the fault of the driver of the Ford coupe in failing to accord the plaintiff the right of way, which he had by virtue of the ordinance of the city of New Orleans making St. Charles avenue a right of way street. It was the duty of the driver of defendant's car to stop before entering the intersection of St. Charles avenue and permit vehicles approaching this intersection at approximately the same time to proceed on their way. This he failed to do, and the defendant is therefore liable for the damages resulting from his negligence.

"When two vehicles approach an intersection at approximately the same time, the one having the right of way is entitled to proceed, and it is culpable negligence for the other to attempt to cross.

"The traffic ordinance requiring a vehicle approaching a right of way street to come to a full stop must be observed literally; it will not be sufficient to slacken speed.

"One has a right to presume that the other will obey the traffic laws."

Beldon v. Roberts, 3 La. App. 338.

See, also, Stout v. Lewis, 11 La. App. 503, 123 So. 346; Buckner v. Powers, 12 La. App. 630, 125 So. 744; McCalmont v. Sterkx, 5 La. App. 730.

The reasonableness of the bill of $135.30 for repairs to the truck is undisputed.

The medical testimony shows that the plaintiff sustained multiple bruises over the body generally, minor contusions and bruises and brush burns on both knees, and a moderately severe contusion of the right chest. He was confined to the house for about two days and partially disabled for about three weeks, his occupation being that of a butcher. The injuries, while painful, were not permanent. The judge of the lower court allowed the sum of $250 for these injuries, which we deem adequate under the circumstances.