No. 4073

Second Circuit

(Second Division)

LUCAS v. ANDRESS

(July 16, 1931. Opinion and Decree.)
(August 12, 1931. Rehearing Refused.)

Albert P. Garland, of Shreveport, attorney for plaintiff, appellee.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellant.

TALIAFERRO, J. This is a suit to recover damages resulting from a collision of the automobiles of plaintiff and defendant at the intersection of Fifth street with Centenary boulevard in the city of Shreveport on November 5, 1930. There is negligible difference between the parties as to the facts.

Plaintiff was driving south at the rate of from 25 to 30 miles per hour in his Willys-Knight sedan en route to his home at the southern limits of the city of Shreveport. Leaving the business section of the city via Market street he drove over the Market street viaduct which spans a depression or cut in the earth's surface of considerable width. This viaduct is constructed of concrete, contains a roadway for vehicular traffic 33 feet wide, and on each side there is a balustrade of

concrete approximately five feet high. The roadway from southern end of the viaduct is named Centenary boulevard. Fifth street intersects the boulevard at right angles, on west side, at its north end. The balustrade on west side, southern end, of the viaduct turns west on north side of Fifth street and continues down a slope to the bottom of a depression, as far as that street is paved. This intersection, on account of the obstruction to vision caused by the balustrade on Fifth street and the viaduct, is considered a dangerous one for vehicular traffic.

Defendant, driving his Ford sedan, came from the west on Fifth street, and to make the grade of that street as it approaches Centenary boulevard the car was put in second gear and was moving at the rate of about 16 miles per hour. He was on the north side of Fifth street, near the balustrade, and "cut" the (his) left-hand corner on entering the boulevard. He admits he did not stop the car as the intersection was reached but continued without even slowing down to observe traffic. He was in the act of turning to his left (northerly) when the car of plaintiff, on west side of the viaduct roadway, emerged into view. Neither party knew of the other's presence until within a few feet of each other, and under circumstances which made it humanly impossible to avert a collision. The impact was great. Defendant was knocked entirely from his car and wounded, while the car was turned around, facing south, and that of plaintiff stopped some sixty feet away, with both left wheels upon the opposite sidewalk.

By ordinance of the city of Shreveport, Market street (including the viaduct) and Centenary boulevard are right of way streets; that is, traffic entering from either side is required to stop before doing so. Persons traveling on these right of way streets have the legal right to assume that the law will be observed by those entering from intersecting streets. Maximum rate of travel on these streets is also fixed by ordinance at 23 miles per hour. At a point a short distance west of the intersection of Fifth street with the boulevard, the city caused to be painted in large white letters the word "STOP," beyond which, towards the boulevard, was drawn a plain white line entirely across the street. The accident happened at 11:30 o'clock, p. m. The locus in quo is well lighted at night.

Plaintiff alleges that the accident was due entirely to defendant's carelessness and negligence in not observing the law with regard to bringing his car to a stop at the intersection of said streets, while defendant contends that the accident was due to plaintiff's "dangerous, reckless, negligent and unlawful" rate of speed, in excess of 23 miles per hour as fixed by city ordinance, and to his failure to keep a proper lookout and not having his car under proper control. In alternative, defendant pleads that should it be found that he was to any extent negligent, that as plaintiff's own negligence contributed to the accident and was the proximate cause thereof, he cannot recover in this suit.

Plaintiff seeks judgment for $1,039.98 as follows: Costs of repairing his car, $689.98; for loss of use of car for 30 days, $150, and for depreciation in value of the car on automobile market, as a result of the collision, $200.

He recovered judgment for cost of repairing car and for $100 for inconvenience and loss of its use while being repaired. Defendant prosecutes appeal.

It is conceded that plaintiff was on his side of the road, and that defendant was not on his, when the collision took place.

It is admitted by defendant that he did not observe the stop sign at the intersection, and did not "stop, look and listen" as he was bounden to do by law and rule of the road, to protect himself and the traveling public from injury. He admits that he was on his left-hand side of the street and undertook to enter the viaduct by sharply turning to his left and "cutting the corner." Each of these acts constitutes negligence of the grossest sort under the circumstances. This intersection is a dangerous place for traffic and one who fails to strictly observe the traffic regulations applicable to such simply assumes, without prudent consideration, that the way is clear for him to enter the boulevard or viaduct; or else acts with a wanton disregard for the rights of others, and of his own safety.

Plaintiff admits that he was traveling at a rate of speed slightly in excess of that fixed by ordinance, but we are unable to see that this fact contributed in the least to the collision of the cars. Had he been moving faster or slower, defendant, since he did not stop, look and listen at the intersection, would not have discovered his presence, and he would not have observed defendant, any quicker than was done. When defendant suddenly emerged from Fifth street into the boulevard plaintiff's car was upon him. Had defendant used ordinary care and precaution he could have seen the reflection of the lights of plaintiff's car coming at right angles to him and the accident could have been avoided. The evidence clearly establishes that defendant's negligence caused the accident, and therefore he must be held liable for the consequences.

"Ordinance requiring vehicle approaching right of way street to come to full stop must be observed literally; slowing down being insufficient.

"Driver of vehicle has right to presume another driver will obey traffic laws."
Arena v. Morris & Co., 14 La. App. 563, 130 So. 565.

"It is duty of automobile driver, before entering main highway from side road, to look and listen for approaching cars." Bryan v. Magnolia Gas Co., 13 La. App. 52, 127 So. 124.

"If view of highway is obstructed, driver of automobile on side road entering highway must use extreme care, but he is not required to leave his automobile and walk to highway." Bryan v. Magnolia Gas Co., 13 La. App. 52, 127 So. 124; Pope v. Locascio, 13 La. App. 304, 126 So. 727, 729.

"If any weight or consideration is to be given to an ordinance giving the right-of-way to vehicles which approach intersections from one street over those which approach from another, we think the driver who is required to yield the right-of-way must exercise a higher degree of care at intersections than the driver of the vehicle which has the right-of-way." McCalmont v. Sterkx, 5 La. App. 730.

"The traffic ordinance requiring a vehicle approaching a right-of-way street to come to a full stop must be observed literally; it will not be sufficient to slacken speed." Johnson v. Jahncke Service, Inc., 7 La. App. 348.

"The third charge is that defendant approached First street at a speed of thirty miles an hour, in excess of the speed limit. * * * The limit of speed fixed by the ordinance was twenty miles an hour. The defendant admitted that he was running at a speed of twenty-two miles an hour. The difference between the two is but slight. But the excessive speed was not the cause of the collision, as we shall show hereafter, and the violation of an ordinance cannot be charged as negligence unless it was the cause of the accident." Lydia Belden v. G. N. Roberts, 3 La. App. 338; Lopes v. Sahuque, 114 La. 1004, 38 So. 810; Hudson v. Jackson Brew. Co., 4 La. App. 549; Mrs. B. K. Stern v. Yellow Cab Co., 2 La. App. 273; Uzzo v. Vincent Torres, 3 La. App. 292.

During the trial of this case in the lower court defendant sought to introduce evidence to establish the value of plaintiff's

car before the accident and since being repaired but, on objection, such evidence was ruled out on the ground that it was not admissible under the pleadings. Defendant's position is that the cost of repairing plaintiff's car exceeded its value before the accident, and we assume was not worth $689.98 after being repaired, and that the damage to the car could not exceed its value. We are asked to remand the case to the end that testimony of this character may be introduced at another trial. Plaintiff contends the evidence defendant sought to introduce was not admissible because the defense, which the evidence might support, was not specifically raised by the pleadings. Defendant's answer to this argument is that plaintiff must prove his damages and a denial of his allegations on the question of damages opened the door for admission of the proffered testimony.

We think the ruling of the lower court correct. While it is true plaintiff carried the burden of proof with respect to establishing the damages sustained by him on account of the negligence of defendant, yet, in the absence of the issue being specifically tendered by the answer of defendant, he was not required to establish, nor to be in a position to traverse testimony of defendant offered to establish that his automobile before the accident, and even after being repaired of damages received in the accident, was worth less than the amount of the cost of making repairs.

It is true, as a general rule, that a thing cannot be damaged for an amount beyond its true value. What may be the true value of a piece of machinery, after being used for a length of time, is a question about which competent persons often widely differ. However, this rule has its ex-

ceptions. It now seems to be fairly well fixed in our jurisprudence that damages to automobiles is an exception. The following excerpts from Bianchi v. Mussachi, 1 La. App. 291, sustain this proposition:

"The defendant resists payment on three other grounds:

2. "That the fenders and other parts of the car damaged were old and dilapidated. The law makes no provision of old for new. The defendant's obligation is to replace all the parts of the car he had damaged.

3. "That plaintiff paid only $265.00 for his car two years before, and that the allowance of $148.85 damages for repairs was out of all proportion, and that the car at the present date was worth only $100.00. "Defendant's obligation was to put back plaintiff's car in the same good running order in which it was prior to the accident. It is his misfortune if this has cost $148.85. The price plaintiff paid for it is no concern of his. It often occurs that the cost of repairing a car will amount to more than its actual value, and sometimes to more than the price of a new car, on account of the labor of taking the damaged car apart and the costs of the new parts and the labor of assembling them."

Application was made to the Supreme Court to review this case but that court declined to do so, thereby, in effect, approving the judgment and findings of the Orleans Court of Appeal. Since the rendering of this decision the question, in about the same form, has been before the Court of Appeal twice, and the doctrine affirmed in both of the cases. See Vila v. Westfeldt, 7 La. App. 552; Harrison v. Loyocano, 12 La. App. 228, 125 So. 140.

Plaintiff's car had run 4,000 miles when he purchased it for $1,500, eighteen months before the accident. At date of accident it had only been run 24,000 miles, according to the speedometer. The amount of repairs has been established and an item-

ized list of same was filed in evidence. It is not contended that any of the repairs were unnecessary or that the cost of same or of the labor was more than it should have been.

For the reasons herein assigned the judgment appealed from is affirmed.