## BETZ v. MENVILLE

---

(November 16, 1931. Opinion and Decree.)
(January 14, 1932. Rehearing Refused.)
(February 1, 1932. Writs of Certiorari and
Review Refused by Supreme Court.)

---

William H. Talbot, of New Orleans, attorney for plaintiff, appellee.

Edward Rightor and William H. Sellers, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This suit is brought for the damage to plaintiff's Cadillac automobile resulting from a collision with defendant's Chevrolet automobile at the intersection of Willow and Robert streets. The defendant in his answer denied all responsibility for the accident but, subsequently, in argument and in brief before this court admitted that he was negligent, insisting, however, that no recovery can be had because plaintiff's son, who was driving plaintiff's car at the time of the collision, was contributorily negligent in that, at a time when he might have avoided the accident, he failed to do so.

Defendant's negligence consisted in his failure to retard his speed when approaching a right of way street and in failing to yield to plaintiff's automobile, which was well in the intersection at the time and, admittedly on a favored street. His explanation of his conduct given immediately after the impact to the effect that he could not stop at all right of way streets and "get where he was going" speaks eloquently of his fault. Nor do we believe the driver of plaintiff's car had any opportunity to avoid the accident. He says he saw defendant's car when about 30 feet distant on Robert street, just before entering the intersection of Willow street, but believing he would stop as the traffic ordinance required him to do in deference to his (plaintiff's) right of way, he continued on across Willow street. When it appeared that defendant would not stop and the danger of an accident imminent there was no opportunity to avoid striking him.

As to the quantum our brother below allowed $700. Plaintiff's claim consists of an item of $698 alleged to be due on account of the damage to his Cadillac and

the remainder, $144, because of the deprivation of the use of his car. In support of the latter claim it is shown that plaintiff is an undertaker and that the Cadillac car was used in connection with funerals he conducted; that for a period of 30 days he was unable to use this car in some eighteen funerals; that the customary charge for the car was $8, consequently he should be paid $8 for each funeral in which he was unable to use the car. The only proof submitted in connection with this item is the testimony of plaintiff giving the names of certain individuals at whose funerals he says he had an opportunity to use the car. The explanation given as to the reason for plaintiff being without his car for 30 days is that he was without any satisfactory assurance of a settlement and he did not care to undergo the expense of the repairs under the circumstances. As a matter of fact, the car was not repaired and plaintiff subsequently purchased another for $700 to replace it. We do not believe the proof in support of the claim for loss in connection with funerals handled by plaintiff to be sufficiently established and it will not be allowed.

In regard to the damage to plaintiff's car, there is in the record the testimony of an experienced automobile mechanic giving in detail an estimate of repairs which amounts to $698. There is also another estimate of $177 given by another mechanic placed on the stand by defendant. The trial judge evidently believed that the mechanic who made the higher estimate was more worthy of belief and rendered judgment accordingly. We are unable to say in this respect that he was in error.

For the reasons assigned the judgment appealed from is affirmed.