**LEVY v. LEOPOLD et al. ***

No. 13952.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

A. D. Danziger and P. H. Stern, both of New Orleans, for appellant.

Edward Haspel and Gordon Boswell, both of New Orleans, for Mr. and Mrs. Simon Leopold.

HIGGINS, J.

Mrs. Blanche D. Levy brings this action ex delicto against the defendants, Gustave A. De Cortin and Mr. and Mrs. Simon Leopold, in solido, to recover medical expenses and damages for personal injuries alleged to have resulted from an intersectional automobile collision at the corner of Willow and Calhoun streets, this city, on December 26, 1929, at 7:30 p. m., between De Cortin's Buick sedan automobile and Mrs. Leopold's Cadillac sedan car, in which the plaintiff was riding as a guest. The petition alleges that the accident was caused by the joint and concurrent negligence of the chauffeurs of both cars; that they were not keeping a proper lookout; that they failed to keep their respective cars under proper control; and that they were operating their automobiles at an excessive rate of speed, in violation of the provisions of Ordinance No. 7490, C. C. S.

De Cortin filed a general denial. He was unrepresented by counsel in the lower and also this court.

Mr. and Mrs. Leopold answered, denying liability, and averring that the chauffeur of Mrs. Leopold's Cadillac car, which was her separate property, was free from fault or negligence; that he had the right of way under the provisions of the traffic ordinance of the city of New Orleans because the Cadillac car was traveling on a right of way street, and also because her car had pre-empted the intersection, and that the driver of the Buick car was solely at fault.

The jury rendered a unanimous verdict in favor of the plaintiff against the defendant De Cortin alone for the sum of $2,000, and the judge of the lower court rendered judgment in accordance with the verdict of the jury, and dismissed the suit as against the defendants Mr. and Mrs. Leopold.

Plaintiff applied for a new trial, which was refused by the trial judge, and then appealed devolutively and suspensively from the entire judgment, complaining that the award of damages as against De Cortin is inadequate and that the judgment dismissing the suit as against the other codefendants was erroneous.

The record shows that Willow and Calhoun streets are paved thoroughfares, each 26 feet in width, and intersect at right angles. Willow street runs from up town down town, and is a two-way street. Calhoun street is a one-way street in the direction of the Mississippi river. The Leopold Cadillac car was proceeding up town in the right center of Willow street, and was being driven by a colored chauffeur, age 27 years; the plaintiff and Mrs. Leopold riding in the rear seat. De Cortin's Buick car was going toward the river in the right center of Calhoun street, and was being operated by an employee, who was

---

*Rehearing denied June 27, 1932.

alone. On the downtown lake corner is a residence and shrubbery and trees, which tended to intercept the views of both drivers as their respective vehicles approached the intersection. The cars collided on the uptown side of the intersection, the left front part of the Buick striking the right rear wheel of the Cadillac, causing the latter to turn over and strike a Ford car, which was going down town on the right side of Willow street, but which had not quite reached the upper side of Calhoun street.

In order to establish the defendants' liability, the plaintiff cross-examined the defendant De Cortin, who admitted that the driver of his car was acting as his agent in the scope and course of his employment at the time of the accident, but stated that he was not present when the collision took place and knew nothing about it.

Mrs. Simon Leopold was then cross-examined under the Act of 1908, and stated that her chauffeur was driving at a reasonable rate of speed, but that she did not pay close attention because she was engaged in conversation with Mrs. Levy in the rear of the Cadillac car, and that the accident happened so quickly that she did not know exactly how it occurred.

Mrs. Levy, the plaintiff, testified that, due to the fact that she was talking to Mrs. Leopold, with whom she was riding as a guest, she was unable to observe just how the accident took place, but stated that Leopold's chauffeur was driving at least 25 miles an hour. She admitted that she was rendered unconscious and did not know what transpired thereafter.

Errol E. Kelly, a plaintiff witness, then identified a map or plan showing the locus in quo, and testified that the driver of an automobile going up Willow street, at a point 30 feet from the front of the building on the downtown lake corner, could see a distance of about 52 feet out Calhoun street, and at 20 feet the view was extended to 69 feet, and at 10 feet the view was extended to 119 feet.

The defendants Mr. and Mrs. Leopold offered the testimony of Pardue Gueren, who was the driver of the Ford car which was going down town, and against which the Cadillac car was knocked, and Leo P. Grashoff, who was standing on the sidewalk on Calhoun street towards the river from Willow street, both disinterested witnesses, who testified that the Cadillac car had practically crossed the intersection when the Buick automobile struck the right rear wheel, causing the Cadillac car to turn over in the roadway of Willow street above Calhoun street.

Grashoff and Joseph Norwood, Mrs. Leopold's chauffeur, testified that the Buick automobile approached and entered the intersection at a rapid rate of speed.

Mrs. Leopold, Grashoff, and Norwood, denied that the Cadillac car was being operated at a fast rate of speed, and on the contrary testified that it was going at a moderate and reasonable rate of speed; Norwood stating that he had been running 18 miles an hour and slowed down to 11 miles an hour as he approached the intersection.

Defendant De Cortin did not offer any evidence other than his own testimony. It was shown that the driver of his car had left the state and was unavailable as a witness. As De Cortin was not present when the accident occurred, he was unable to testify as to how it happened.

At this point it may be well for us to inquire concerning the law governing the subject and particularly who bore the burden of proof.

■■ In the case of Lorance v. Smith, 173 La. 883, 138 So. 871, 875, the Supreme Court said:

"The rule which prevails in this state and elsewhere is that one who invites another to ride in his automobile as his guest, or permits another to ride as a gratuitous passenger, owes to his guest or the passenger the same duty that he owes to a stranger, which is to use ordinary care not to injure him in the operation of the car. * * *

"The action which a guest or passenger in the vehicle of another has against the host to recover damages for injuries sustained while riding as such is one in tort, and, like all other tort actions, is grounded on fault and negligence, and in actions of this kind the burden is upon the plaintiff to establish the negligence relied upon."

The relevant parts of the city traffic ordinance, No. 7490, C. C. S., specially pleaded by the defendants, Mr. and Mrs. Leopold, read as follows:

"Article I (7). Right-of-Way.

"Vehicles traveling on the following streets have the right-of-way over vehicles approaching on intersecting streets: * * * Willow Street, from Napoleon to Carrollton Avenues * * *

"Vehicles approaching above streets and avenues from intersecting streets shall, before crossing or turning into same, come to a full stop.

"Article II. Speed.

"Speed limits on the streets, avenues, highways and roadways in the City of New Orleans shall be as follows:

"Twenty-Mile Zone. All streets and avenues within the City of New Orleans not otherwise restricted * * *

"No motor vehicle shall turn into or cross any right-of-way street, as fixed by Article I, section 7, without first coming to a full stop. * * *"

It is clear that the Cadillac car had the right of way, first, because it was traveling on a right of way street, and, second, because the evidence conclusively shows that it had practically crossed the intersection before it was struck. The testimony and the physical facts of the case clearly establish that fact. Betz v. Menville, 18 La. App. 359, 137 So. 773; McGehee v. Ashley, 18 La. App. 393, 137 So. 80; Norwich Union Indemnity Co. v. Cohen, 1 La. App. 512; Belden v. Roberts, 3 La. App. 338; Johnston v. Jahncke Service, Inc., 7 La. App. 348; Arena v. Morris & Co., 14 La. App. 563, 130 So. 565; Hayward v. Wagner, 16 La. App. 521, 134 So. 778; Lucas v. Andress, 17 La. App. 329, 136 So. 207.

The only evidence that we find in the record tending to show that the chauffeur of Mrs. Leopold's car was at fault is that of Mrs. Levy to the effect that the Cadillac car was going at least 25 miles an hour at the time of the accident, but on cross-examination she admitted she did not closely observe the speed of the car, as she was engaged in conversation with Mrs. Leopold. Furthermore, the preponderance of the evidence shows that the Leopold car was being operated at a very moderate and lawful rate of speed.

We conclude that the plaintiff has not only failed to carry the burden of proof by showing that the driver of the Leopold car was at fault, but that the evidence of the defendants Mr. and Mrs. Leopold preponderates to the effect that the driver of her car was free from fault, and that the unfortunate accident was caused solely and only through the negligence of the driver of De Cortin's car.

We shall next consider the question of whether the amount of $2,000 awarded by the jury against the defendant De Cortin is adequate. It was proven that the medical expenses amounted to the sum of $1,136. The hospital reports, the attending physician and surgeon and the nurse and the plaintiff's testimony show that she suffered cerebral lacerations, a fracture of the base of the skull, a fracture of the nasal bone, laceration over right eye, laceration of the right cheek, and laceration below the right ear. These wounds had to be sutured. She was confined to the hospital for a period of five weeks, and suffered severe pain and discomfort. The efficiency of her sight was impaired, and even on the date of the trial, May 28, 1931, she still suffered from headaches and dizziness and loss of equilibrium. We are quite convinced that her injuries were serious and painful, as well as permanent. It is our opinion that the amount awarded is inadequate, and that it should be increased. We feel that the plaintiff is entitled to recover the sum of $4,000 for physical injuries and $1,136 for actual monetary loss. Kight v. Vicksburg, S. & P. Ry. Co., 142 La. 357, 76 So. 799; Dill v. Colley, 3 La. App. 305.

For the reasons assigned, the judgment appealed from is amended by increasing the sum awarded plaintiff from $2,000 to $5,136, with legal interest from judicial demand until paid and all costs. In all other respects the judgment is affirmed.

Amended and affirmed.