## CARSO v. CRAIS.*
### No. 14370.

Court of Appeal of Louisiana.   Orleans.
March 27, 1933.

Lewis R. Graham and H. R. Cabral, both of New Orleans, for appellant.

Racivitch & Hickerson and Lessley P. Gardiner, all of New Orleans, for appellee.

WESTERFIELD, Judge.

On June 13, 1931, a collision occurred between a Ford coupé belonging to Anna Carso and, at the time, driven by her brother, Anthony Carso, and an automobile owned by William C. Crais and driven by his minor son, Ralph Crais. Immediately following the accident, the Ford of Miss Carso, which had been disabled, was towed to a garage known as "Buck's Service Station, Inc.," a family corporation conducted by Crais, Sr.   When Miss Carso attempted to get possession of her automobile, Wm. Crais declined to surrender it unless the damages to his car, which he fixed at $125, was paid to him.   A suit was filed in the First city court, No. 194979, in which it was alleged that Crais' son was responsible for the accident which resulted in damages to the Carso Ford in the sum of $95, that Crais had possession of the Ford and declined to surrender it, and that a sequestration was necessary in order to recover possession of the car.   A writ of sequestration issued as prayed for, and, when the constable of the First city court undertook to execute the writ, he could not find the Ford, and Crais refused to point it out, still maintaining that he would not deliver it without the payment of $125 alleged to be due him on account of damage to his car.   Thereupon a rule seeking to compel Crais to point out the Ford or in the alternative to be adjudged guilty of contempt was taken by Miss Carso, with a result that the rule was discharged upon the ground that there was no law which compelled Crais to point out the Ford.   Following this ruling, the present suit was filed in the civil district court, in which it is alleged that William Crais took possession of the Ford belonging to Miss Carso and converted same for his own use, and that the value of the car at the time of the conversion was $500, and that she has been deprived of the use of her car for a period of four months, the value of which use she fixed at $50 per month or $200. The prayer of the petition is for an order condemning Crais to return the automobile to petitioner in the condition in which it was at the date of the conversion or, in the alternative, that he be condemned to pay $700, $200 for the use of the car and $500, its value at the time of the conversion.

There was judgment below in defendant's favor dismissing plaintiff's suit, and she has appealed.

■ The only evidence in the record is that presented by plaintiff, and it indicates quite clearly that the defendant, Crais, took possession of plaintiff's automobile and refused to surrender it until $125 was paid to him. The position of defendant is that plaintiff has failed to sustain her case; reliance being placed upon the fact that Buck's Service Station, Inc., is a corporation which has not been impleaded, the car being in the possession of the corporation and not in Crais' possession. This defense is untenable, for the reason that three witnesses have testified to Crais' possession of the car and his answer to the suit in the First city court contains an admission to that effect.   We find, therefore, that the car has been illegally retained by the defendant and that there should be judgment accordingly.

The testimony as to the value of the Ford before the accident is, as fixed by one witness, $500, and, by another, $450.   Giving the defendant the benefit of the lower figure and subtracting therefrom the amount of damage sustained in the collision between the Ford and the automobile of Crais, we find the value of the Ford at the time of conversion to be $355.

■ In regard to the amount claimed for the value of the use of the car, it does not appear that plaintiff rented another car or expended any amount whatever for the use of an automobile to replace her Ford; consequently, no award will be made on this account.   Betz v. Menville, 18 La. App. 359, 137 So. 773.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and the same is reversed, and it is now ordered that the plaintiff, Anna Carso, have judgment against the defendant, Wil-

*Petition for rehearing and motion to amend judgment denied April 10, 1933.

liam Crais, ordering and condemning the said defendant to deliver to plaintiff within ten days of the finality of this decree, one certain Ford coupé, the property of plaintiff, or, in default thereof, that the said Anna Carso do have judgment against William Crais in the sum of $355, with interest and costs.

Reversed.