### JOUBERT et al. v. AMERICAN EMPLOYERS INS. CO. et al.*

No. 16279.

Court of Appeal of Louisiana. Orleans.

April 20, 1936.

Wm. S. Hero and James W. Hopkins, both of New Orleans, for appellants.

Edw. Rightor, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for damages for the alleged negligent killing of George A. Hero by Henry C. Hoehn on August 9, 1932, at about 9 o'clock a. m. The suit is brought by the widow and executors against Henry C. Hoehn, Henry Hoehn, Inc., and the American Employers Insurance Company, the insurance carrier of Henry C. Hoehn.

$30,000 is claimed by the widow and $2,087.70 by the executors.

The answer, though articulate in form, is, in effect, a general denial and, in the alternative, a plea of contributory negligence.

There was judgment below in favor of defendants dismissing plaintiffs' suit, and plaintiffs have appealed.

The accident occurred at the intersection of Third and Magazine streets on what is known as the downtown lake corner and in front of "an A. & P. Store" located at that point. Mr. Hero, who, at the time of the accident, was 78 years of age, left his home on Third street, walked to the intersection of Magazine street, and entered the roadway for the purpose of crossing Magazine street with the intention of taking a street car, when he was struck by the Ford car operated by defendant Henry C. Hoehn, knocked down and injured. He died about four months later as a result of his injuries, according to the contention of plaintiffs, and from natural causes disassociated with the accident, according to defendant.

Magazine street, at the scene of the accident, according to a sketch which was introduced in evidence, is a thoroughfare approximately 40 feet wide with two street car tracks in the center. The roadway on each side of the car tracks is 12 feet wide. When Mr. Hero reached the curbing of Magazine street, there was parked in front of the "A. & P. Store" a large red truck 8 feet wide with its rear end about even with the property line on the lake or downtown side.

The only witness who saw the accident, with the exception of the defendant Hoehn, the driver of the Ford car which struck Hero, was Francis E. Beck. Beck lived in the neighborhood and knew Mr. Hero. He saw him step from the curb into the roadway of Magazine street and saw the Hoehn car and heard "a thud while he (Mr. Hero) was passing, like somebody hit the side of the car and after the car passed, Mr. Hero was lying in the street."

Hoehn testified that just prior to the accident he was driving on the right-hand side of Magazine street in the direction of the Ninth Street Market, his objective, and that as he reached Third street he saw a large red "A. & P." truck with its "tail

gate about even with the Third Street property line." He could not see through the truck, which was covered over with some material which was not transparent. He testified that his wheels were straddling the right-hand car track. He also said that he was traveling at the rate of 15 or 18 miles per hour and he passed the truck within about 10 inches. He did not see Mr. Hero before he was struck and not until he had been knocked down and just after he had heard a sound "like a body crashing against the side of the car." There is a photograph of the Ford automobile in the record, and it shows an indentation on the right rear fender in front of the rear wheel at a point where the fender joins the running board. This dent is said to have been caused by contact with Hero's body.

It is the contention of plaintiffs' counsel that Hoehn's negligence is obvious in that he failed to sound his horn, was driving too fast, and failed to recognize Hero's right of way, which, as a pedestrian walking on a path intended for his use, the law accorded him. Hoehn is also said to have driven too close to the parked truck to afford Mr. Hero an opportunity to observe his approach with safety.

When the case was argued in this court, there was little attention paid to the question of primary negligence by defendants' counsel, and there is less space given to it in his brief; the principal reliance of defendants being the alleged contributory negligence of the deceased in walking into Magazine street without looking in the direction of traffic. Assuming, therefore, for the sake of argument, that defendant Hoehn was guilty of negligence, we will pass to a consideration of the alleged contributory negligence of Mr. Hero.

Counsel for plaintiffs rely upon the case of Mathes v. Schwing, 169 La. 272, 125 So. 121, 124. It was there held that a passenger alighting from a street car in a zone of safety is not required "to see that no vehicle is approaching before crossing the street" and that it was not contributory negligence for him to fail to "stop and see that the way was clear before attempting to cross the street."

It appears to us that the case of Charles v. Sullivant (La.App.) 159 So. 756 and the authorities there cited are more nearly in point than the Schwing Case, because, in the instant case, there is no safety zone involved. In the Sullivant Case we held that a "pedestrian, who crossed one-way street on street car motorman's signal and was struck by automobile approaching from behind opposite side of standing street car, held contributorily negligent in failing to look in direction of approaching automobile before crossing its path." Syllabus. We quoted from the case of Barnhill v. Texas & Pac. Ry. Co., 109 La. 43, 33 So. 63, 65, where the defendant's employees were found guilty of negligence, but recovery denied under a plea of contributory negligence because the plaintiff's husband, for whose negligent killing the suit was brought, "walked upon the railroad track from behind a parked box car without looking in the direction of the approaching train." In the Barnhill Case the court said:

"If the box car upon the switch was in close proximity to the crossing, it was Barnhill's duty to have peered around its side cautiously before venturing onto the main track. Had he done this there was nothing to have prevented his observing the approaching train.

"To have stepped suddenly from behind a box car on the main track was the height of imprudence. Beach, Contrib. Neg., pp. 192, 193. A plaintiff who has contributed, proximately, to an injury cannot recover even if he succeeds in proving fault on part of another. Schwartz v. Crescent-City Railroad Co., 30 La.Ann. 15 [and numerous other authorities there cited]."

See, also, Lucas v. Andress, 17 La.App. 329, 136 So. 207; Busch v. Scimeca, 8 La. App. 454; Belden v. Roberts, 3 La.App. 338.

Mr. Hero left the sidewalk on Magazine street and entered the roadway with his view of traffic obstructed by the "A. & P." truck, and, without stopping, listening, or looking in the direction of traffic, continued on until he collided with the side of defendant's automobile. Under the circumstances, we believe that he was guilty of contributory negligence which bars recovery by his widow and executors. This was evidently the view of the learned judge of the trial court, as indicated by his judgment, in which we concur.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.