CREWS v. COOGAN

---

(January 2, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest — Automobiles — Par. 4b, 4d.**

An automobile which enters a street intersection in which a police semaphore system of signal lights has been installed, with the green light facing him, is entitled to continue until it clears the intersection, whether the green changes to amber and the amber to red before he completes the crossing or otherwise. Traffic, awaiting the green or crossing signal on intersecting streets must first ascertain whether the intersection is clear before starting to cross.

Appeal from the First City Court, Division "C". Hon. William V. Seeber, Judge.

Action by Earl E. Crews against Frederic P. Coogan.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

F. R. Richardson and E. Talbot, of New Orleans, attorneys for plaintiff, appellant.

W. B. Hamlin, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This suit results from an intersectional collision between automobiles at Canal and Broad streets.

Plaintiff claimed $192.75 as damages and was awarded $129.75. Defendant appealed and plaintiff seeks to have the judgment increased to· the sum claimed.

There is a semaphore signal at the intersection of Canal and Broad street. Canal street is very wide and divided by a neutral ground. Traffic moving on that street from the direction of the river to the lake must use the downtown or north side, and traffic moving from the lake to the river, the uptown or south side. The following provisions of the traffic ordinance are pertinent:

"The following semaphore signals for the movement of traffic are hereby established:

"(a) Red—When shown on any traffic signal, illuminated or otherwise, shall indicate that traffic shall stop, and remain stopped as long as the red signal is shown.

"(b) Green—When shown in any traffic signal, illuminated or otherwise, shall indicate that traffic shall move in the direction of the signal, and remain in motion as long as the signal is shown.

"(c) Amber—When shown in any traffic signal, whether illuminated or otherwise, and whether connected with a warning bell

or not, shall indicate that a change is about to be made in the direction of the flow of traffic. When such amber signal is shown, traffic which has not already crossed the white lines of the intersection shall stop, but traffic which is already on the intersection shall continue to move until clear of the intersection, provided pedestrians shall be privileged to cross street intersections while such amber signal is showing."

It is admitted that plaintiff entered the intersection on the green light and was struck by defendant's car before he had completed the crossing. Defendant contends that his car with two others, all abreast of each other, his car being nearest the sidewalk curb, were at rest on the upper or south side of Canal street, awaiting a green signal to cross the Broad street intersection from the direction of the lake towards the river, and that he started the car after the green signal appeared, the two other cars starting at the same time. He explains the fact that his car hit plaintiff while the other two did not, by the statement that his vision was obscured by the other cars being between him and the approaching automobile of plaintiff.

Whether defendant started prematurely, as seems likely, or awaited the green signal, as he claims, is immaterial. Plaintiff under the plain terms of the traffic ordinance was privileged to proceed until he had completed the crossing, and the traffic crossing his path, whether on the green light or not, was charged with knowledge of his possible presence in the intersection if he could not be seen.

If the green light was exposed to defendant before he crossed, the red would be exhibited to plaintiff and the remarkable situation of all three lights, green, amber and red, facing plaintiff before he could navigate the crossing. There is no evidence that these lights were improperly timed, and it must be presumed that the interval between the changes was sufficient to accomplish the purpose for which the semaphore was installed, which obviously was to permit the clearing of the intersection between the disappearance of the green and the appearance of the red lights, or during the prevalence of the amber. If, however, the time allowed was too short, it was defendant's duty to satisfy himself that the intersection was clear before proceeding.

The judgment appealed from is affirmed.