## VILA v. WESTFELDT

(February 27, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest — Appeal — Par. 625; Negligence—Par. 42.**

Judgment on questions of fact as to defendant's negligence will be affirmed, where no error is manifest, but amount will be reduced where there is no proof that the necessity for items included on the repair bill resulted from this negligence.

Appeal from First City Court. Hon. W. Alexander Bahns, Judge.

Action by Delfin Vila against George G. Westfeldt.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Gordon Boswell and Milo Williams, of New Orleans, attorneys for plaintiff, appellee.

Eugene D. Saunders and G. B. Harrison, of New Orleans, attorneys for defendant, appellant.

JONES, J. Plaintiff alleges his Peerless sedan was struck by defendant's automobile and damaged in the sum of two hundred seventy-six and 55-100 ($276.55) dollars, while it was stopped at the intersection of Prytania street and Louisiana Avenue, on the afternoon of November 1st, 1924, about 2:30 P. M.

The specific allegations of negligence are as follows:

That defendant drove into the intersection via Louisiana Avenue, at a fast speed, in a reckless manner, was not maintaining a proper lookout ahead and ran into plaintiff's car, which was in plain view.

Defendant's answer denies these allegations and avers that while defendant was crossing plaintiff entered the intersection at a fast speed and caused the collision.

There was judgment for plaintiff in the sum sued for ($276.55) and defendant appeals suspensively therefrom.

Defendant argues that none of the specific charges of negligence are proved and that, if it be shown by the record as a whole that the accident was caused by defendant's careless driving, the evidence tending to show such delinquency should not be considered, because no basic charges thereof have been alleged. This argument is untenable.

Plaintiff and his three witnesses, all occupants of the damaged car, swear that defendant was not looking ahead when he entered the intersection, and this contention defendant practically admits when he says that he "may have continued to look back at his daughter as he drove off".

It would be useless to analyze all the testimony as we agree with lower judge that plaintiff has proved his allegations as to liability.

As to quantum the proof is not satisfactory. The evidence shows that the Peerless car of plaintiff was at least nine years old at the time of the accident and that it had never been repainted. To prove his damage plaintiff offered itemized bills for various parts, for painting body and chassis and for labor, which he had paid since the collision, but no proof that all of these parts and all of this repair work was made necessary by the impact.

To offset this evidence, defendant introduced, over plaintiff's objection, carbon copy of an estimate made by Oster Bros., automobile repairers of this city, of the damage to plaintiff's car. This estimate was admissible, as plaintiff had first raised this issue by questioning defendant as to exact amounts shown thereon.

Oster differs with plaintiff's repair man in two particulars, as follows:

(1) Wooden sill on left side was rotten and new sill was not made necessary by defendant.

(2) Plaintiff should pay one-half of cost of painting body, because car was old and badly in need of paint.

Furthermore, Oster mentions neither repainting the chassis, scraping and refinishing wheels and baking running board shield, the items charged in plaintiff Exhibit No. 1 at sixty ($60.00) dollars, nor the item, 2 rubber straps charged at six ($6.00) dollars.

In Bianchi vs. Mussacchi, 1 La. Appeals 294, this court held:

"The law makes no provision for deduction of old for new. The defendant's obligation is to replace all the parts of the car he had damaged."

The painting of the entire woodwork was made necessary by the putting of a new fender, new running board shield, etc., as plaintiff's car would otherwise have been like Joseph's coat of old "of many colors". The wooden sill, even if it was rotten, was giving satisfaction to plaintiff and defendant should pay the cost of a new one, because the impact on that side would naturally impair the usefulness of an old rotten sill, which otherwise would have satisfied plaintiff for some time.

Plaintiff has entirely failed to prove that the painting of the chassis and the other damages in Exhibit 1 was caused by the collision and the same may be said of the rubber straps.

The judgment will, therefore, be reduced sixty-six ($66.00) dollars and affirmed.

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Delfin Vila, and against defendant, George G. Westfeldt, in the sum of two hundred ten and 55-100 ($210.55) dollars, with legal interest thereon from judicial demand until paid.

Costs of this appeal to be pellee.