HARRISON, JR., v. LOYOCANO

(December 16, 1929. Opinion and Decree.)

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for plaintiff, appellee.

St. Clair Adams, Jr., of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is an action ex delicto for property damage amounting to $182.80, as a result of an automobile accident at the intersection of Broad Street and Tulane Avenue in the City of New Orleans on February 16, 1929, at 3:15 p. m. The defendant filed an exception of no cause of action which was not urged in the lower court and, therefore, not passed upon and which exception is pressed in this court.

Defendant answered denying liability. There was judgment in favor of plaintiff in the sum of $125 and both plaintiff and defendant have appealed.

The exception of no cause of action is leveled at plaintiff's failure to allege in his petition that the driver of the defendant's automobile was the duly authorized agent of the defendant and acting within the scope of his employment. It is unnecessary to say whether the exception was well taken at the time it was filed in the lower court because defendant did not press the exception there and permitted plaintiff to introduce evidence which satisfies us that the automobile was owned by the defendant and operated by his duly authorized agent, acting within the scope of his employment. No effort was made by defendant to rebut this evidence. The pleadings were, therefore, enlarged by this evidence to cover this issue. In any event this court has held that an exception of no cause of action will not be sustained and

suit dismissed where it was based upon insufficiency of allegations in the plaintiff's petition. Widow A. P. Cazeaux vs. New Orleans Public Service, 15th Orl. App. ----------------. The exception of no cause of action is overruled.

On the merits of the case the record shows that the accident occurred at the intersection of Broad Street and Tulane Avenue where there is an electric semaphore traffic light which was in operation at the time. Broad Street has a neutral ground in the center and runs in the direction from uptown to downtown. Tulane Avenue also has a neutral ground in the center and runs from the river to the lake. Plaintiff's wife was driving his Nash sedan on Broad Street downtown and upon reaching the intersection in question, the green light of the traffic signal was in her favor and she proceeded to cross Tulane Avenue. After she had crossed Tulane Avenue and was in Broad Street, the traffic signal changed so that the green light turned in favor of the traffic moving on Tulane Avenue in the direction of the lake. There were two automobiles stopped near the neutral ground and facing in the direction of the lake at the time. The defendant's truck, operated by its negro chauffeur, passed to the right of these two automobiles and as the traffic signal turned green in his favor, without stopping and at a speed of about fifteen miles per hour as estimated by himself, attempted to turn in Broad Street in a downtown direction and struck the right side of the Nash sedan, driving it upon the neutral ground in Broad Street and causing the damages in question.

Under the circumstances it is clear that the defendant's agent was guilty of carelessness and recklessness in not permitting plaintiff's car to proceed, as it had lawfully entered the intersection and had a right to proceed under the traffic ordinance of the City of New Orleans. Article 1, Sec. 1, City Ordinance No. 7490, C.C.S.; Crews vs. Coogan, 7 La. App. 691. We are, therefore, of the opinion that the negligence of the defendant's agent was the sole and proximate cause of the accident.

As to the quantum of damage, the record shows that the Nash-Mississippi Valley Motor Company, the agent for Nash automobiles in the city, gave an itemized written estimate covering the damages to plaintiff's car resulting from the accident. It appears that plaintiff was financially unable to pay this amount at the time and had only the necessary repairs made so that the car could be operated, which repairs cost plaintiff the sum of $67. Defendant offered evidence to show that the repairs in question could be made for the sum of $100. The lower court allowed $125 for the damages.

Plaintiff's appeal was based upon the fact that he is entitled to recover the full amount of his damage, $182.80. We are unable to agree with counsel for defendant that the estimate of the Nash Motor Company was excessive. In the case of Bianchi vs. Mussachi, 1 La. App. 291, this court held that it is defendant's obligation to put the plaintiff's car in the same good running order in which it was prior to the accident and to replace all the parts of the car he damaged. This case was followed in the case of Vila vs. Westfeldt, 7 La. App. 552.

For the reasons assigned, it is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended so as to increase the amount of the judgment from $125 to $182.80, with legal interest from judicial demand until paid and all costs, and as thus amended, it is affirmed at appellant's cost.