## MOLERO v. WILSON.
### No. 14350.

Court of Appeal of Louisiana. Orleans.
April 10, 1933.

St. Clair Adams, St. Clair Adams, Jr., and Adam H. Harper, all of New Orleans, for appellant.

Arthur J. O'Keefe, Jr., and Leon F. Davison, both of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit results from an intersectional collision between plaintiff's automobile and defendant's motortruck which occurred on August 29, 1931, at about 3:30 p. m. Plaintiff claims $161.50 as damages to his automobile, and defendant reconvened claiming $217.50 as damages sustained by him as a result of the accident.

There was judgment below in plaintiff's favor in the sum of $137.50 and dismissing the reconventional demand. Defendant has appealed.

The record shows that the accident occurred at the intersection of St. Claude and St. Roch avenues and contains the usual conflict of evidence as to speed and observance of the traffic ordinance; however, we find the facts to be as follows:

Plaintiff's automobile, prior to the accident, was being driven along St. Claude avenue in the direction of Canal street, and approached St. Roch avenue, where there is a semaphore signal, which was installed by the city authorities. It proceeded into the intersection upon a favorable or green light and had almost completed the crossing when defendant's truck collided with his car. Both St. Claude and St. Roch avenues are wide boulevards with neutral grounds in the center. There is a city market known as the St. Rock Market which occupies a part of the neutral ground of St. Roch avenue, which has the effect of screening the intersection, to some extent, from vehicles entering from that direction, as was the case with the defendant's truck, the driver of which declared that his vision was affected by the presence of the market.

The contention of the plaintiff is that having entered the intersection on a green light he was entitled to clear the crossing without regard to the change of the semaphore from green to amber and amber to red, as it is alleged occurred in this case. On the other hand, defendant contends that as a result of both avenues being very wide the time necessary to completely cross both lanes of travel is too great to permit of its being done under all conditions during the prevalence of the green light and plaintiff, therefore, should have stopped and allowed the truck to pass before crossing the last lane of travel. The following provisions of the traffic ordinance are of interest.

"Article 1, Section 14, Police Semaphore Signals. The following semaphore signals for the movement of traffic are hereby established:

"(a) Red—when shown on any traffic signal, illuminated or otherwise, shall indicate that traffic shall stop, and remain stopped as long as the red signal is shown.

"(b) Green—when shown in any traffic signal, illuminated or otherwise, shall indicate that traffic shall move in the direction of the signal, and remain in motion as long as the signal is shown.

"(c) Amber—when shown in any traffic signal, illuminated or otherwise, and whether connected with a warning bell or not, shall indicate that a change is about to be made in the direction of the flow of traffic. When such amber signal is shown, traffic which has not already crossed the white lines of the intersection, shall stop, but traffic which is already on the intersection shall continue to move until clear of the intersection, provided pedestrians shall be privileged to cross street intersections while such amber signal is showing."

The situation here is strikingly similar to that which obtained in the case of Crews v. Coogan, 7 La. App. 691, where we held that an automobile which had entered an intersection under similar conditions was entitled to proceed regardless of the change in the semaphore light and vehicles waiting to cross the path of the automobile were charged with knowledge of its possible presence, in the intersection and with the necessity of avoiding a collision. To the same effect, see our decision in Harrison v. Loyocano, 12 La. App. 228, 125 So. 140.

The present case, in our opinion, cannot be distinguished from the cited cases which we

deem to be controlling here; consequently, the fault of the accident will be imputed to the driver of defendant's truck.

On the question of quantum we find no serious contention; consequently the judgment appealed from will be affirmed.

Affirmed.