**MAGGIO v. M. F. BRADFORD MOTOR EXPRESS, Inc.***

No. 16546.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

*Rehearing denied 172 So. 438.

Henry, Suthon & Kelleher, of New Orleans, for appellant.

John J. Wingrave, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff alleges that on July 11, 1936, while he was driving his Hupmobile sedan on the Air Line Highway in the direction of Baton Rouge, La., a truck, owned by the defendant company and operated by one of its employees, traveling in the same direction in which he was proceeding, negligently ran into the rear of his car. He charges that, as a direct result of the defendant's negligence, his automobile was practically demolished and was damaged to the extent of $181.25. In addition to this amount, he sues for the sum of $95, representing his loss of use of the automobile for a period of 19 days at the rate of $5 per day and he prays for a total judgment in the sum of $276.25.

The defendant answered and admitted the happening of the collision, but averred that the accident occurred when it was dark at about 4:30 o'clock in the morning before the sun arose; that the plaintiff had parked his car on the right-hand side of the roadway without a rear light burning, and because of this, together with the fact that the vision of defendant's driver was partially obscured by the glaring headlights of a car which was proceeding in the opposite direction near the point of the roadway where plaintiff's car was parked, prevented its driver from seeing plaintiff's car in sufficient time to avert the collision, notwithstanding that said driver was exercising the utmost prudence and skill in operating the truck. Defendant also pleads, in the alternative, that the plaintiff was guilty of contributory negligence in parking his car in a dangerous position on the right side of the highway without a taillight. It further denies that the plaintiff's car was damaged to the extent charged in the petition.

On these issues, a trial was had which resulted in a judgment in favor of plaintiff in the sum of $231.25, and the defendant has appealed.

There were no eyewitnesses to the accident other than the plaintiff himself and the driver of the defendant's truck. The plaintiff testified that he was proceeding along the Air Line Highway in the direction of Baton Rouge at a speed of approximately 25 miles per hour on the right-hand and proper side of the roadway when suddenly and without warning he was struck from the rear by the front of the defendant's truck. He admits that after the occurrence of the accident the taillight on his automobile was not burning, but states that it was burning at the time he left New Orleans.

On the other hand, defendant's employee states that he was proceeding along the highway in the same direction as plaintiff's car at a speed of approximately 30 to 35 miles per hour; that he could not notice plaintiff's car prior to the occurrence of the accident because his vision was blinded by the glaring headlights of an automobile which was traveling on the highway in the opposite direction. He further says that, when he was blinded by the headlights of the other automobile, he slowed down the speed of the truck to approximately 20 to 25 miles per hour, when he was confronted with the presence of the plaintiff's automobile some few feet ahead of him, which had been parked on the highway without the taillight burning, and that, although he did everything possible to avoid striking the plaintiff's car, he was unable to do so under the circumstances prevailing.

The lower court evidently believed the plaintiff's version of the accident and we are not disposed to disturb its finding on this point. There can be no doubt that defendant's driver was guilty of gross negligence in not having the truck under proper control, as it is well established by law

(Act No. 21 of 1932, § 9 (g) (1) and in the jurisprudence of this state that an automobile driver is bound to regulate the speed of his car when driving at night so that it may readily be stopped within the range of vision exhibited by his headlights. Raziano v. Trauth, 15 La.App. 650, 131 So. 212; Wyble et ux. v. Putfork (La.App.) 141 So. 776; Goodwin v. Theriot (La.App.) 165 So. 342; and other cases. And this rule is of special importance and application to a driver whose view is obstructed by fog or glaring lights. The fact that one's vision is not clear places upon him a greater duty of care than would subsist under ordinary circumstances.

■ Being of the opinion that the defendant is liable, we next consider the question of quantum of damages. The record reveals that the plaintiff purchased the Hupmobile sedan on June 29, 1936, for the sum of $130. The accident happened 12 days later on July 11, 1936, and the testimony shows that it would cost between $150 to $180 to repair the vehicle. Plaintiff has never made the necessary repairs, but on the contrary he purchased a new automobile 10 days after the accident, on July 22, 1936. It is proved by abundant testimony that the car was so badly damaged by the collision that it was more prudent to abandon it as being worthless than to have it repaired. The plaintiff seems to have coincided with this view, because he, instead of having the repairs made, saw fit to purchase a new automobile 10 days after the accident. Therefore he will not be allowed to have judgment for the repairs which were necessary to place the demolished car in good running condition, but his recovery must be limited to the value of his automobile prior to the collision. He paid the sum of $130 for the automobile just 12 days prior to the occurrence of the accident. The depreciation on the vehicle over so short a period is undoubtedly negligible, and for this reason we fix the value of the car to be the price plaintiff paid for it.

■ Plaintiff is also entitled to recover the sum of $10, representing the expense of towing the demolished automobile from the scene of the accident to his mechanic's shop in New Orleans.

■ The defendant, upon paying the amount of the judgment, is in turn entitled to the possession of the wrecked automobile, as we feel that the plaintiff, by receiving the value thereof plus such expense to which he has been subjected by virtue of the accident, will regain all that he has lost.

■ Respecting the item claimed by the plaintiff of $5 per day for 19 days representing loss of use of his automobile by reason of the collision, the evidence shows that the plaintiff is a truck farmer and that from the date of the collision up to the date of the purchase of his new automobile, or a period of 10 days, he was required to hire an automobile, for which he says he paid a rental of $1 to $1.50 per day, in order that he might market his produce in the city of New Orleans. We therefore allow him the sum of $1 per day for rental paid, inasmuch as he himself is in doubt as to whether he paid $1 or $1.50 per day during the 10 day period.

■ Plaintiff argues that he is also entitled to the amount that he spent on gasoline and lubricating oil for the car which he rented during that 10-day period, but this proposition is without merit, because at all events he would have had to supply the gasoline and lubricating oil for his own car.

We are of the opinion that the trial judge erred in allowing the plaintiff the amount of the estimate for repairs to his wrecked automobile in view of the fact that it was shown that the wreck had never been repaired but, on the contrary, that the plaintiff had purchased a new car and the lower court should have limited plaintiff's recovery to the value of the demolished car. The trial court was also in error in allowing plaintiff the sum of $5 per day loss of use of the automobile over a period of 10 days when there was no evidence in the record to sustain such a finding.

For the reasons assigned, it is ordered that the judgment of the district court be amended as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Anthony Maggio, and against defendant, M. F. Bradford Motor Express, Inc., condemning the said defendant, M. F. Bradford Motor Express, Inc., to pay unto plaintiff, Anthony Maggio, the full sum of $150, plus legal interest from judicial demand until paid.

It is further ordered, adjudged, and decreed that, upon payment of the amount of the judgment herein in favor of the plaintiff, the defendant, M. F. Bradford Motor Express, Inc., is hereby granted the right

of possession to the demolished Hupmobile sedan for its own use and benefit.

As thus amended, the judgment of the trial court is affirmed; defendant to pay the costs below and plaintiff to pay costs of appeal.

Amended and affirmed.