## LABORDE v. SCHWARTZENBURG.
### No. 16927.

Court of Appeal of Louisiana. Orleans.

May 8, 1939.

Feitel & Parker and A. Dallam O'Brien, Jr., all of New Orleans, for appellant.

Robert A. Ainsworth, Jr., of New Orleans, for appellee.

WESTERFIELD, Judge.

Roosevelt J. Laborde, the plaintiff in this case, was a passenger in a Chevrolet Truck, owned by Leonard Dobard and driven by Adam Breaux, when it collided with an automobile belonging to W. J. Schwartzenburg, the defendant, in the intersection of Esplanade Avenue and N. Broad Street, this City. He sued Schwartzenburg for $1500 as damages due to physical pain and suffering and loss of earnings. The defendant answered denying all responsibility for the accident.

There was judgment below in favor of defendant dismissing plaintiff's suit and plaintiff has appealed.

Both Esplanade Avenue and N. Broad Street are wide thoroughfares divided by neutral grounds. Shwartzenburg, with his daughter, Miss Evelyn Schwartzenburg, as a passenger, was driving his Graham-Paige automobile on N. Broad Street towards Canal Street. He crossed the nearest roadway of Esplanade Avenue and the neutral ground and collided with the Chevrolet Truck, in which the plaintiff was riding, and which was travelling on Esplanade Avenue in the direction of the Mississippi River, in the upper roadway nearest Canal Street. In other words, he had almost completed the crossing when the collision occurred. As a result of the impact Laborde, who was seated in the body of the truck, was thrown against the side, breaking his left forearm just above the wrist. When struck, the truck had penetrated the intersection a distance of about thirteen feet.

There is some dispute as to which car struck the other, but considering the fact that the left running board, fender and headlight of the truck were damaged as appears from the pictures in evidence, we believe that the front part of the Graham-Paige struck the truck on the left side.

There is a semaphore signal guarding the intersection. Schwartzenburg and his daughter, who was sitting on the front seat with him, are positive that they entered the intersection on the green light. Laborde, Bruno Popp, another passenger in the truck, and Adam Breaux, the driver, were equally positive that the truck entered the intersection on a green light. Mrs. Roger Williams, the wife of a W. P. A. worker,

who was standing on the uptown, river corner of the intersection, testified that the truck had entered on a green light. Mrs. Williams was standing in front of a fruit stand intending to purchase some fruit when the salesman had finished with one or two customers who were ahead of her. If she had been looking at the fruit her back would have been towards the accident, but she claims to have been looking the other way and to have seen the accident.

 According to Breaux, the truck driver, he saw the light turn green when he was about five feet from the intersection. He admitted, however, that he had testified in the Traffic Court several hours after the accident, that he did not see the green light at all, but did not stop at the intersection because he had been talking to Laborde, with his head towards the rear of the truck, and Laborde told him that the light was favorable. As far as Breaux is concerned, we have no difficulty in reaching the conclusion that he was guilty of negligence because even though he did enter the intersection on the green light, he should have looked to see whether there was any traffic in the intersection near enough to him to make his entering the intersection imprudent. He should not have rushed into the path of danger because he had the right of way. Manuel v. Bradford, La.App., 166 So. 657; Buckley v. Featherstone Garage, 11 La.App. 564, 123 So. 446.

But the plaintiff was a passenger in the Breaux Truck and is not chargeable with the negligence of Breaux and since he is not accused of contributory negligence he can recover if Schwartzenburg was negligent in a manner which contributed to the accident. As we have said, the testimony, which is very positive, is divided as to which of the drivers of the colliding vehicles was faced by the green light as he entered the intersection. It will be recalled that Breaux, the driver of the truck, stated that the semaphore light turned green when he was about five feet from the corner. It might well have been that the automobile entered on the green light and before Schwartzenburg had reached the upper roadway the light had turned to amber and from amber to red, which would mean that the green light was facing the truck. In other words, Schwartzenburg is in the position of the plaintiff in the case of Crews v. Coogan, 7 La.App. 691, where we held that Crews, who entered a wide intersection on a green light was not guilty

of negligence in completing the crossing, though the light had changed from green to amber and then to red before he could get across.

Schwartzenburg having entered the intersection on the green light, as we believe he did, could not be said to have been negligent unless, at a time when he might have prevented a collision with the truck, it was apparent that the truck had or would enter the intersection. Since the truck had only gotten thirteen feet into the intersection, we doubt that such a situation prevailed here, particularly since the truck driver did not stop before entering the intersection but continued with unabated speed. When the intentions of Breaux were manifest, Schwartzenburg had no opportunity to prevent the accident. It is true, that the automobile hit the truck, but this may mean that the truck darted in front of the automobile, and it does not outweigh the other considerations which we have mentioned.

Our conclusion is that the defendant is free from negligence and that, consequently, and

For the reasons assigned the judgment appealed from is affirmed.

Judgment affirmed.