The Kotteman Furniture Company, Inc., brought this suit against Charles McLellan and his insurance carrier, Travelers Indemnity Company, claiming $148, which it alleged to be the amount necessary to repair its Willys Sedan, which was damaged as the result of a collision between it and a Buick automobile owned and operated by Charles McLellan. The accident happened at the intersection of Marengo and Camp Streets on June 22, 1939.
The defendants denied responsibility for the accident and, after a trial on the merits, there was judgment in favor of defendants dismissing plaintiff's suit.
Apparently the only question involved is one of quantum and we are informed, though there are no written reasons in the record, that the judge, a quo, dismissed the suit because he was convinced that the plaintiff did not prove that it suffered any damage.
There is an estimate in the record given by W.M. Teague, a witness for the plaintiff, to the effect that it would cost $148 to repair plaintiff's automobile. There is also a statement by this witness that, in his opinion, the car before the accident was worth $150 and an admission by William C. Kotteman, the president of the plaintiff corporation, that he received $155 in trade from the Willys Company on the purchase price of a new car. From these facts, it is argued that since the car before the accident was worth only $150, and plaintiff sold it for $155, defendants cannot be said to have caused plaintiff any financial loss. The rule is, as has been often stated by this Court, that the obligation of one who has damaged another's property, is to restore it to its former condition regardless of its market value. Bianchi v. Mussachi, 1 La.App. 291; Vila v. Westfeldt, 7 La.App. 552; Harrison v. Loyocano, 12 La.App. 228, 125 So. 140; McDonald v. Badie, La.App., 198 So. 545. If plaintiff had elected to repair his automobile, there could be no question *Page 486 
of the defendants' obligation to pay for any reasonable costs whether the car had a cash value of far less than the cost of the repairs or not, but since plaintiff sold his car he cannot expect to recover from the defendants any more than the difference between its value before the accident and the amount he received for it in its damaged condition. Hinton v. Tri-State Transit Company of Louisiana, La.App., 151 So. 116; Maggio v. M.F. Bradford Motor Express, Inc., La.App., 171 So. 859; Id., La.App., 172 So. 438; Carkuff v. Geophysical Service, Inc., La.App., 179 So. 490; Ayres v. Wyatt, La.App., 185 So. 84.
Plaintiff urges us to remand the case in order that the value of the car before the accident may be definitely established. The only testimony in the record on this subject is that given by Mr. Teague who, as we have said, placed the value of the car at $150. However, Mr. Teague's estimate is in the nature of a guess, for he says, "approximately one hundred to one hundred-and-fifty dollars". Under the circumstances, we believe the ends of justice would be served by remanding the case in order that more definite evidence may be submitted.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this case be remanded to the First City Court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed. Plaintiff to pay the costs of this appeal.
Reversed and remanded.