124 So.2d 183 (1960)
Phillip G. COOK, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al., Defendants-Appellants.
No. 9309.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1960.
Rehearing Denied December 1, 1960.
Cook, Clark, Egan, Yancey & King, Shreveport, for appellant.
Campbell, Campbell & Marvin, Minden, for appellee.
BOLIN, Judge.
This is an action for damages to a motor vehicle, including the cost of repair, loss of use and depreciation thereof. The suit arises out of an automobile-truck collision which occurred in the town of Ringgold in Bienville Parish, Louisiana, on September 11, 1958. The vehicles involved in the accident were a 1953 Chevrolet Pickup Truck, owned and driven by the plaintiff, Phillip G. Cook, and a 1956 Pontiac Sedan owned by D. J. Pursley, driven by Joe H. Crew, and covered by a policy of liability insurance by Southern Farm Bureau Casualty Company
*184 In the lower court, the plaintiff claimed the cost of repair of his pickup truck, loss of use of said truck while it was undergoing repairs and depreciation in value of the truck due to the collision. These items of damage were listed as follows:

Repairs to Truck $ 458.72
Rental paid for Replacement
Truck for
30 days at $10.00
per day 300.00
Depreciation in
value of Truck 100.00
 ____________
 Total $ 858.72

In the lower court, the defendants contended that the truck of the plaintiff had a value of only Four Hundred Fifty Eight and 72/100 ($458.72) Dollars (the cost of repairs claimed), or less, at the time of the accident and, therefore, no allowance could be made for loss of use. Defendants further contended, that in view of the fact that the plaintiff had been compensated by his employer for the use of the replacement truck rented by the plaintiff, no allowance should be made for loss of use of the damaged vehicle. The plaintiff produced no evidence on the question of depreciation of the damaged truck due to the collision and, therefore, the claim for depreciation has passed out of the picture.
After trial on the merits, the lower court rendered judgment in favor of the plaintiff in the total amount of Six Hundred Eight and 72/100 ($608.72) Dollars, representing Four Hundred Fifty Eight and 72/100 ($458.72) Dollars for repairs and One Hundred Fifty and no/100 ($150) Dollars for loss of use, together with interest and costs. From this judgment, the defendants have taken this appeal. The plaintiff has answered the appeal and asked that the judgment be increased by allowing the full Three Hundred and no/100 ($300) Dollars for the loss of use of the vehicle.
The defendants made no issue here on the question of liability. It is conceded that responsibility for the accident rests with defendants; therefore, no discussion of the facts surrounding the occurrence of the collision is necessary. The only issue on appeal involves the amount of damage sustained by the plaintiff as a result of the collision, for which defendants may be responsible.
Therefore, as we appreciate the issues raised for decision, they may be stated as follows:
1. When a vehicle has been damaged in a collision, and thereafter repaired by the owner, is the owner entitled to collect the amount expended for such repairs, or, if it should be found that the market value of the vehicle was less than the cost of repairs, is he limited to such market value?
2. If the owner of a vehicle damaged by collision is obliged, because of the nature of his business, to rent a replacement vehicle while the damaged vehicle is being repaired, is he entitled to collect, as an element of damages, the amount of rental thus expended?
3. If one is paid mileage allowance by his employer for the use of his private vehicle in connection with his employment, is the offending party entitled to be credited against the amount he is obligated to pay as rental the amount he thus receives from his employer as mileage?
As to the first issue stated above, it appears to be well settled that when a motor vehicle is damaged, and repaired, the owner thereof is entitled to collect the cost of repairs even though it might be found that the cost of the repairs was more than the worth of the vehicle prior to the damage. In Lucas v. Andress, 17 La.App. 329, 136 So. 207, at page 210, decided by this Court with Judge R. M. Taliaferro as its organ, it was held:

*185 "* * * the price plaintiff paid for it, is no concern of his. It often occurs that the cost of repairing a car will amount to more than its actual value, and sometimes to more than the price of a new car, on account of the labor of taking the damaged car apart and the cost of the new parts and the labor of assembling them."
In Harrison v. Loyocano, 12 La.App. 228, 125 So. 140 at page 141, the Orleans Court of Appeals said:
"In the case of Bianchi v. Mussachi, 1 La.App. 291, this court held that it is defendant's obligation to put the plaintiff's car in the same good running order in which it was prior to the accident and to replace all the parts of the car he damaged. This case was followed in the case of Vila v. Westfeldt, 7 La.App. 552."
We now pass to the second question, and that is whether the plaintiff may recover the amount he expended as rental for a replacement vehicle while his was being repaired.
The damage done to an individual, as the result of a wrongful motor vehicle collision, which the wrongdoer is obligated to repair, includes not only the physical damage to person and property, but also the other expenses and losses which the innocent party incurs and sustains. Not infrequently, as here, the physical damage to a motor vehicle results in damages beyond that done to the vehicle itself, and in such cases these losses are just as compensable as the physical damage to the vehicle. Quite often one's business or employment depends upon his having a vehicle for use at all times. If, through no fault of his own, and solely through the fault of another, he should be deprived of the use of that vehicle, his business is lost and the loss is just as attributable to the fault of the wrongdoer as is the physical damage to the car. Since one is required to minimize his damages, however, the law enjoins him, under such circumstances, to secure a substitute vehicle for the period during which he is deprived of the use of his vehicle. Under these circumstances, he is allowed damages for the loss of use, the amount of rental which he is obliged to pay for the substitute; thus preventing the greater loss which would be suffered if no substitute were secured.
That is exactly what occurred in this instance. Plaintiff was a dairyman, producing milk that had to be marketed daily. Feed for his herd had to be procured regularly. Without transportation, this operation could not have been carried on. Plaintiff was also employed by the Commissioner of Conservation to check wells being drilled in the area. Many of the wells were remote from highways, and were practically inaccessible by car. He was required to provide his own means of transportation. Unless he did so, he had no job. To carry on his dairy operations, and to perform his job, he provided the truck here involved. Without fault on his part, he was deprived of the use of his truck for more than thirty days. Unless he secured a replacement, his dairying operations would have had to be discontinued and he would have lost his job. Those losses would have been just as attributable to the adverse party as was the physical damage to the truck, and could have been much greater in amount. To minimize this loss, he hired a replacement, and all that he is asking here is that he be made whole; that these expenses and charges thrust upon him without fault on his part, be borne by the party by whose fault they occurred.
In support of plaintiff's right to recover for the loss of the use of his truck the amount which he paid as rental for a replacement, we cite: Moore v. Shreveport Transit Co., La.App., 115 So.2d 218, at page 224, (Judge Ayres, the organ of the Court).
"No allowance was made, however, for the loss of the use of his vehicle while it was undergoing repairs, on account of which the evidence establishes *186 that for two weeks, or for a period of 12 days, Wheeler rented a car at the rate of $3 per day, and, for one week, utilized taxi service at a daily expenditure of $2.50. This covered six days' operation. No reason has been advanced why an allowance should not be made for this expenditure. This is a proper item of damages." (Emphasis ours.)
The reasonableness of the amount paid by plaintiff for rental of the replacement is not questioned. It is nowhere contended that plaintiff could have secured another truck for a lesser charge, but it is merely contended that the two items: (repairs, and loss of use) exceed the value of the truck before the accident, and hence the whole is unreasonable. However, it is our opinion that the whole amount which he paid as rental is a proper charge, and the whole should be allowed; and that the lower court erred in allowing only One Hundred Fifty and No/100 ($150) Dollars for this item.
As a final argument, defendants point out that there was testimony to the effect that the plaintiff was paid mileage by the State for the use of his truck, and that, therefore, he should not be permitted to recover for this loss of use. No citation of authority is offered to sustain this argument.
If this accident had not occurred, and plaintiff had not been deprived of the use of his truck, he would have been paid by the State his salary and his mileage allowance. This was exactly the same amount he received with the hired truck, but in order to receive this amount during the time his truck was undergoing repairs, he was obliged to spend Three Hundred and No/100 ($300) Dollars, and he is entitled to recover it in this action.
It is, therefore, the judgment of this Court that the decree of the court below be amended so as to increase the award to Seven Hundred Fifty Eight and 72/100 ($758.72) Dollars, and as thus amended, it is affirmed, at appellants' cost.